UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LEE SHREWSBURY,

    Plaintiff,

v.                              Case No. 3:22cv5728-MCR-HTC

STATE OF FLORIDA, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff James Lee Shrewsbury has filed a complaint challenging the assessment of taxes on two properties he leases on Santa Rosa Island. ECF Doc. 1. The case was referred to the undersigned for the filing of a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the complaint, the undersigned concludes this case should be dismissed *sua sponte* because the Tax Injunction Act deprives the Court of jurisdiction to consider Plaintiff's challenge to his tax liability.

**I.    BACKGROUND**

Plaintiff leases two properties on Santa Rosa Island from the Santa Rosa Island Authority, a subdivision of Escambia County. ECF Doc. 1 at 7. Plaintiff alleges the original lease contracts, which are for 99 years and date from 1949 and

1953, establish the properties are exempt from ad valorem taxation.[1]  *Id.* at 7-8.  He claims efforts by Escambia County to tax the leaseholds violate the Contracts Clause of the U.S. Constitution, which prohibits states from passing any "Law impairing the Obligation of Contracts[.]"  U.S. CONST. art. I, § 10.  As relief, Plaintiff asks the Court "to immediately and permanently enjoin the State of Florida and any and all of its subdivisions from taxing [his] leaseholds or otherwise impairing the specific terms and obligations of [his] Residential Lease contracts, and to set aside any tax claims and/or penalties of any kind ever made against [his] lease contracts."[2]  ECF Doc. 1 at 10.

## II.   ANALYSIS

Under the Tax Injunction Act ("Act"), district courts are prohibited from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341; *see also Williams v. City of Dothan, Ala.*, 745 F.2d 1406, 1411 (11th Cir. 1984) ("[T]he Tax Injunction Act will bar the exercise of federal jurisdiction if two conditions are met: (1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state

---

[1] For a discussion of the history of the taxation of properties on Santa Rosa Island see *1108 Ariola, LLC v. Jones*, 71 So. 3d 892 (Fla. 1st DCA 2011) and the cases cited therein.

[2] In the Parties section of the complaint, Plaintiff identifies the defendant as "Ashley Moody, Attorney General for State of Florida."  ECF Doc. 1 at 2.  In the case style, however, Plaintiff identifies Moody *and* the State of Florida.  Because the Court lacks jurisdiction over Plaintiff's claim, the undersigned will not address whether these are appropriate parties to the action.

Case No. 3:22cv5728-MCR-HTC

affords the plaintiff a 'plain, speedy and efficient remedy.'"). The Act "limits jurisdiction which might otherwise exist" and "was intended to prevent taxpayers from using federal courts to raise questions of state or federal law relating to the validity of particular taxes." *Osceola v. Fla. Dep't of Revenue*, 893 F.2d 1231, 1232-33 (11th Cir. 1990) (citations omitted).

Here, Plaintiff specifically asks the Court to enjoin Florida and its subdivisions from taxing the properties he leases, which falls squarely within the ambit of the Act.[3] *See Terry v. Crawford*, 615 F. App'x 629, 630 (11th Cir. 2015) (holding Act applied to plaintiff's request to enjoin county revenue commissioner from "unlawfully assessing ad valorem taxes on [plaintiff's] property").

Furthermore, Florida offers Plaintiff a plain, speedy, and efficient remedy to challenge the taxation. A state court remedy is "plain, speedy, and efficient" if it "provides the taxpayer with a full hearing and judicial determination at which [he] may raise any and all constitutional objections to the tax." *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981) (internal quotation marks and citation omitted). The Eleventh Circuit has held Florida provides such a remedy, explaining:

> The Florida constitution grants to the state's circuit courts jurisdiction to hear challenges to any state tax. Fla. Const. art. V, § 20(c)(3).

---

[3] To the extent Plaintiff is seeking damages for taxes he previously paid, such relief is also barred by the Act. *See Kelly v. Ala. Dep't of Revenue*, 638 F. App'x 884, 889 (11th Cir. 2016) (The Act "also bars claims for damages because a monetary award against the state or its tax administrators would have the same detrimental effect on the state as equitable relief, and would dampen state tax collectors.").

Case No. 3:22cv5728-MCR-HTC

> Florida courts are also given power to issue declaratory and injunctive relief in tax cases. *See* Fla. Stat. Ann. § 72.011 (West Supp. 1988) and § 86.011 (West 1987). Furthermore, a Florida taxpayer has the statutory right to seek a tax refund from the state. Fla. Stat. Ann. § 215.26 (West 1971). The Florida Supreme Court has held that this statute (§ 215.26) authorizes the refund of taxes paid under an unconstitutional law. *State ex rel. Hardaway Contracting Co. v. Lee*, 155 Fla. 724, 21 So. 2d 211 (1945).

*Osceola*, 893 F.2d at 1233; *see also Daytona Beach Racing & Recreational Facilities Dist. v. Volusia Cnty.*, 579 F.2d 367 (11th Cir. 1978) (holding plaintiffs' impairment of contracts clause challenge to Florida legislature's repeal of tax exemption was barred by the Tax Injunction Act because Florida provides a "plain, speedy and efficient remedy" in its state courts).

## III.  CONCLUSION

"District courts have unquestionable authority to control their own dockets. This authority includes broad discretion in deciding how best to manage the cases before them. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotation marks, citations, and footnote omitted). Thus, a district court may *sua sponte* dismiss a *pro se* litigant's complaint where the plaintiff cannot cure the defects by amending his complaint. *See Horn v. Estate of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020); *Woldeab v. DeKalb Cnty. Bd. of Ed.*, 885 F.3d 1289, 1291 (11th Cir. 2018). While a court should read a *pro se* complaint liberally, "early evaluation of the potential merits of a *pro se* litigant's claim is very important because initial screening by the court can eliminate patently frivolous

Case No. 3:22cv5728-MCR-HTC

actions." *Gonzalez v. Citicorp Credit Servs., Inc.*, 2015 WL 13776794, at *1 (S.D. Fla. May 18, 2015), *report and recommendation adopted by*, 2015 WL 13776795 (S.D. Fla. June 22, 2015).

The undesigned recommends a *sua sponte* dismissal here because the Tax Injunction Act bars the exercise of jurisdiction over Plaintiff's case. Also, while courts normally afford *pro se* plaintiffs an opportunity to amend their complaints before recommending dismissal, here such an opportunity would be futile because Plaintiff's claims clearly belong in state – not federal – court. *See Rance v. Winn*, 287 F. App'x 840, 841 (11th Cir. 2008) ("district courts need not permit amendment where it would be futile to do so").

Moreover, because this is a recommendation for dismissal, Plaintiff will be provided an opportunity to file an objection to this report and recommendation before dismissal. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal quotation marks and citations omitted) (before dismissing an action *sua sponte*, the court must ensure that it employs a procedure that is fair, which generally includes "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond"); *see also Shivers v. Int'l Bhd. of Elec. Workers Loc. Union*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED due to lack of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 17th day of May, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.